when you're ready good morning honors may it please the court Brian Malloy for the plaintiffs the heirs of the decedent Lorenzo Cervantes your honors one of the most one of the traditional basis of personal jurisdiction is being served with the summons and complaint while physically present in the forum and that's what happened here well yes and no Burnham sustains so-called tag jurisdiction when the defendant is served personally and the defendant is personally the defendant I know of no case that authorizes tag jurisdiction when an officer of a corporation is served while accidentally present in the jurisdiction you know a case that does that your honor we serve on page 21 of our opening brief there are there are a few cases who have addressed this most most thoroughly would be the Oyula case from the Eastern District of Louisiana in that case that had to do with a officer of a Bahamas corporation being served and and the court court recognized quote Burnham's reassertion of the general validity of transient jurisdiction provides no indication that should it should only apply to natural persons prior case law suggests that service of process upon a corporate agent provides a sufficient basis to assert jurisdiction over non-resident corporations and so there is there is some authority but more importantly your question also suggested being accidentally help me understand the circumstances in which this particular corporate officer was here in the state so the corporate officer if he wasn't just a mere low-level employee to begin with he was the vice president of marketing he admits that he's in by the corporation to receive service of process he's authorized under both California law and federal law to to receive service of process is the author I didn't ask not my question was he authorized by the corporation to receive service process we don't know that that's that that's not in the record but one thing we do know is that California law and federal law both permit the type of service on mr. Formica that occurred here but but to your question how did he get his company ATR they sponsored they were one of the sponsors of this this air show this marketing show and so he intentionally on behalf of the company came to California went to Beverly Hills went to this air conference he even made a presentation touting the benefits of ATR's aircrafts so not not only was he a high-level ranking officer of the corporation he intentionally came into the forum to do business in the forum and he was representing the company as a as as the corporate agent he wasn't here on vacation he wasn't served while he was at the airport just temporarily he was served while he was in a corporate capacity doing business for the company and again he's not a low-level employee he's not even a registered agent there's a lot of discussion about the cases involving these passive registered agents and in those cases a registered agent just simply it's just a person an office they're not doing anything they're not conducting any business yeah so let me understand your position and I'm trying to state it sympathetically to your position it is that if he if this corporate officer had come to California engaged in precisely the business he'd engaged in and then gone back home without being served with process we would have to rely on some form of international shoe some form of either general or specific jurisdiction irrespective of service and my guess is under the Supreme Court's recent case law there would be no jurisdiction in California arising out of this event but your position is because he was here and while here served with process that confers personal jurisdiction over the corporation where otherwise would not have existed that's correct your honor that's your position that's my position and it's for two really important reasons one he's not a low-level employee he is someone who can bind the director or managing agent and the law recognizes that officers directors and managing agents they can bind the company for punitive damages purposes they can bind a company to have deposition testimony read against the company and so the courts the law recognizes all the time that certain certain people at the company have such a high position that their conduct can bind the company when you say that under California law he is an agent for purposes of accepting service or process what aspect of California law are you referring to the California procedural the procedural law it's code of civil procedure 416 point 10 B it's actually cited on page 16 of our opening brief it actually said the summons may be served on a corporation by delivering a copy to among other people the vice president and he he was a vice president he was a vice president actively doing business and it's the same thing in Burnham your honor the defendant in Burnham was just in California for a brief period of time if and then he went back to the forum if that would have been that would not have been sufficient the Supreme Court would not have upheld that and that's the same thing here ATR intentionally sent him to California to conduct business getting the benefits of the California forum if his Mr. Formica's laptop was stolen while while he was in California AT that's ATR containing proprietary information of ATR but that doesn't give but your argument is that by sending him to California that that ATR is willing to risk the exercise of jurisdiction on any cause of action be anything on this particular complaint yes on any cause of action arising from this particular lawsuit no it doesn't have to do with this lawsuit it could be with anything because it tagged jurisdictions means that you've got him that you've got the corporation for that for that particular summons sure sure but but it means that they could have had a whole line of process servers waiting to catch him on his way to the men's room at the conference and they could have sued him for any any lawsuit and occurring any place in the world simply because their vice president was in California at this conference the vice president he is near the top of the company right ATR sent him got that your your your claim is that by sending their president their vice president to California that if somebody  in California we have we have California plaintiffs three of the four sure but if you were if you had served if you had served them in France on an action in California you wouldn't be able to sustain personal jurisdiction in California courts it's not at least it's not likely I think if if if ATR is willing to risk jurisdiction  wants to benefit from the California forum and it's sending its top guy to California to conduct business at a at a marketing conference they run the risk of tag jurisdiction just like the defendant in Burnham ran the risk of being served when he came out to California for a vacation yeah that's long been the rule for people the question is whether that gets extended to corporations when they're being represented by a person and I I would I cited the oil a case there are a couple other cases that dealt with this issue and so I think there's there's some strong authority on that point but the Louisiana Louisiana case is your best authority I think it's the most persuasive authority the First Circuit actually and address this they didn't really they didn't analyze it like the that's the foot that's the footnote right right yeah so the First Circuit did address this but I think the most thorough analysis is from from the Louisiana case okay why don't we have on the other side and you've got some time for about a good morning your honors may have to use the court Eric strain for the appellee avion to transport regional or ATR the transient jurisdiction issue that was just discussed was dealt with specifically by the Supreme Court in Perkins the 1952 case where the question was whether service on the president in Ohio subject to the Ohio statute that would allow jurisdiction was sufficient or whether the entire due process analysis needed to be completed and the Supreme Court said no service on the president alone was not sufficient the president was in the forum and the court went through the entire due process analysis and decided because the court during wartime it was present in the company doing business there was at home in the state and allowed for jurisdiction but the mere service on the president was insufficient and if my memory of the aula case is correct I believe in that case also the court went through the due process analysis in addition to the service on the corporate officer but I admit that I do not know that for a fact I believe it's cited in our briefs I should also point out that the Supreme Court's recent decision in Daimler informs this analysis as well because in Daimler we have a situation where there's a corporate subsidiary in the state of California now we don't know whether that subsidiary was served in California but we do know what that the court went through the analysis of whether the presence of that subsidiary was sufficient for the exercise of general jurisdiction over the German parent and the court found that it wasn't. The best I can do out of Daimler is to say that there is an increasing suspicion in the United States Supreme Court of personal jurisdiction over foreign corporations I'm not sure I can get much more out of the case than that as applied to what we have here. Okay I was just going to mention that if the subsidiary had been served in California whether that would have made a difference in Daimler. But we don't know one way or the other whether there was service in California in Daimler. That's true now there's a suggestion that Perkins is no longer valid post Burnham and I think that we've cited a lot of cases in the briefing explaining why it is that transient jurisdiction or tag jurisdiction should not apply to corporations because unlike individuals corporations must act through officers and others who are traveling out into the world conducting the corporation's business but that does not mean that the corporation itself has packed up and left its home. It remains where it is in its principal place of business or its state of incorporation which are the standards that we're looking at now after Daimler for at home presence in a forum. And when ATR's vice president of marketing came to California to attend a conference which had nothing to do with this aircraft or this accident but to attend a conference to do business for the company ATR remained at home in France doing its business there with individuals probably in many different states of the United States at that time. Is there any place in the United States to which this defendant would be subject to personal jurisdiction? For this particular lawsuit? Well more broadly I mean are you defending other suits in this country where there is personal jurisdiction? I'm trying to get a broader sense of what's going on here. Without making admissions for my clients for other cases I will say that for this particular lawsuit I would say probably not because of the circumstances. Now with respect to whether you're asking where there's a place for general jurisdiction over this particular defendant honestly I don't know after the Daimler decision because there is ATR North America which is a subsidiary located on the East Coast which has been discussed in the briefing. Conceivably there could be an argument that its presence in the United States and those contacts could be imputed back to the parents in France. I don't think that's been addressed here and I don't know whether Daimler would allow that honestly. If this accident had occurred in California so it was clearly related to the jurisdiction would the service of process have been effective under California's rules on the boss here? If the accident occurred in California then we would be looking at a specific jurisdiction analysis. Sure and that's what I'm asking is would you have contested service of process on this vice president appearing in Beverly Hills at this conference? Probably not. In that circumstance probably not if the accident occurred in California. So the 4, whatever it is, the 416.10 you would have conceded that service was appropriate. There's no question, there's no argument here that ATR has not been properly served. It was probably served before the vice president ever came to California in France under the Hague Convention. The delivery of the papers to the vice president in California was just that, a delivery of papers. But it sounds as though you're not contesting that had the only service been on this vice president that would have been proper service of process under California law with respect to service, not necessarily with respect to the establishing of jurisdiction. Absolutely. They're totally separate issues. Right. The due process analysis is what informs the discussion about general jurisdiction in this case. So you're not contesting that this was sufficient service for the purpose of notification of the company of the tendency of the lawsuit? Absolutely not, Your Honor. Got it. No question that the company was properly sued and appeared and defended with respect to this case and asserted its jurisdictional defense. Got it. Okay. So if we take the, look beyond the transient jurisdiction analysis and simply ask, as Your Honors did earlier, about whether there could be general jurisdiction over ATR in California based on its contacts in the record, and there I think the answer needs to be no, even before Daimler. Now, with Daimler, we know that the Supreme Court has told us that the principal place of business and place of incorporation will be the locations where general jurisdiction will be allowed. It mentioned exceptional cases like Perkins, which we talked about already, where the company set up shop temporarily in Ohio. But the court was very careful to talk about this continuous and systematic or substantial test and distinguish it from specific jurisdiction and general jurisdiction. And to comment very clearly that with general jurisdiction, it still requires evidence of in-state presence at home in the forum. And here, we don't have that. We have evidence of a French company that does business and has business contacts with California, and that is all. There is no evidence that the company has done anything to try to make California in any way its home, like in Perkins. And in an argument, it would even fall below the contacts that were found insufficient for general jurisdiction, for example, in Helicopteros. And in this Court's case of Tuazon, I believe with 2008 or 2007 time frame, when there was significant evidence of a company's intertwining itself in Washington State, getting involved in local politics, and having employees and whatnot in the forum. This is a situation of the French company that built an aircraft in France. It was sold. It was operated overseas. It operated briefly in the United States, but there's no evidence of it ever being in California. The aircraft was operated by a Cuban carrier and crashed there. ATR has less than 1% of its business contacts. It could be calculated in different ways, but they're minor, 1% of its contacts with California suppliers. And there's one ATR aircraft known to be operating in the state of California that's not in any way controlled or used by ATR. So under these facts, it does not – there's no argument that ATR could be subject to general jurisdiction in the state of California. Lastly, Your Honors, on the jurisdictional discovery requests, I just point out the District Court did not abuse its discretion. There was knowledge that ATR North America existed. The appellants did not ask about it when they conducted their jurisdictional discovery. But even if they had, and we have that record before us, or even if this Court were allowed a discovery, again, under Daimler, that discovery would be irrelevant because we now know that even if ATR North America, which is located in Virginia, although recently moved to Florida, were present in the state of California and its contacts were imputed back to ATR in an agency theory, that would not be sufficient for the exercise of jurisdiction over ATR. So that discovery or that issue in this case is now moved under the Daimler decision. Thank you, Your Honors. Okay. Thank you very much. You've saved time for rebuttal. Why don't we put a full minute on the clock? Thank you, Your Honors. Just to touch on the jurisdictional discovery issue, we put on page 26 of our reply brief, we did ask for the contacts from the Virginia office. So what do we know? We know they have contacts with California quite a lot, and we know they have an office in Virginia, and we know we didn't get any discovery from the ATR office in Virginia. And so at minimum I would ask for a remand so we can get that information from the Virginia office. Going back to the transient service issue, OYOLA did look at minimum contacts, but it looked at that as a separate basis of finding jurisdiction. So it first said they had jurisdiction on the transient service, and then as an alternative measure they looked at minimum contacts, and then they actually had a third measure when they looked at a third basis. So I would ask that the court reverse the district court or at least remand for jurisdictional discovery. Okay. Thank you very much. Thank both sides for your helpful arguments. Mendoza-Martinez v. Aero Caribbean now submitted for decision.
judges: Silverman, Fletcher, Bybee